**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

JUSTIN ANTWANNE STEWART                                                                       PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 3:11CV788LRA

MAJOR MARY RUSHING, ET AL                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This conditions of confinement action brought pursuant to 42 U.S.C. §1983 came before the Court on Defendants' Motion for Summary Judgment [29]. Plaintiff Justin Stewart was housed as a pretrial detainee at the Hinds County Detention Facility [HCDF] from July 23, 2010, until his conviction in October 2012. He remained there as a convicted felon until his transfer to a Mississippi Department of Corrections facility on November 21, 2012. Stewart alleged in his Complaint that the conditions under which he was confined at HCDF violated his constitutional rights.

On October 11, 2012, Stewart appeared before this Court for a hearing to further supplement or clarify his claims. At the hearing, he repeated his complaints about the conditions at HCDF, including his conditions for six days in the holding cell and his remaining stay.

When questioned about whether he had presented his claims through the Detention Facility's grievance program, Stewart testified as follows regarding Major Rushing:

> STEWART: ... I will say what was wrong that she did is her deputies, you know at the time, you know, I begged them. I keep on. They say fill out a grievance form, fill out this form. I filled out several of them. I lost count of how many I filled out, Ms. Anderson. And I asked them even to go get Ms. Rushing because that's they boss. She's the head. I wanted to talk to her personally. I asked them to get different sergeants, different lieutenants. They still didn't do it. And she didn't never come around and check on the situation, long story short. She didn't even call me to the front personally to see what I was talking about or what I was complaining about or nothing.

[29-2, pp. 11-12].

When asked about Captain Wilburn, Plaintiff testified:

STEWART: The same thing as far as with Rushing. I asked to see him several times. I wrote grievance forms. I even wrote just on regular sheets of notebook paper to put in their mailbox — to make sure it get to they desk so he can read it, Captain Wilburn and Major Rushing can read it. He never come around. They told me that he received my form that I wrote to him. He never come around to see me. You know, he never come tried to check on the situation neither that I'm going through.

[29-2, pp. 12-13.]

The Defendants have moved for summary judgment on several grounds – the first being Stewart's alleged failure to exhaust his claims through the grievance procedure available at the Hinds County Detention Facility. According to Defendants, Stewart admitted in his Complaint that he did not comply with the grievance procedure at HCDF. In his Response to Defendants' Motion for Summary Judgment, Stewart stated:

3) The Motion for Summary Judgment is falsified to the fact Plaintiff admits he did not complete the Administrative Remedy Program at Hinds County Detention Facility prior to filing his litigation. The 1983 form will clearly show that "yes" is marked pertaining to the grievance question and that nothing was done on the part of Mary Rushing pertaining to my multiple grievance forms.

[37, p. 1].

In his Complaint, Plaintiff did mark "yes" when asked if he had presented his grievance, stating by "written request & verbal request." As to the results of the procedure, he marked "ignored— nothing was done."

An inmate must comply with a facility's grievance procedure before he can bring his conditions of confinement case to court. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Here, Plaintiff does not contend that he raised his claims through the official Inmate Grievance Procedure of the

Hinds County Detention Facility, but he does maintain that he filed many complaints but got no response. Where a prisoner alleges that he could not exhaust his administrative remedies because the grievance procedure is inadequate, he may be excused from the exhaustion requirement. *McDonald v. Cain*, 426 F. App'x 332, 333 (5th Cir. 2011); *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) ("We have recognized, as a basis for excuse, circumstances where administrative remedies are inadequate because prison officials have ignored or interfered with a prisoner's pursuit of an administrative remedy.") (citing *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982)).

The Fifth Circuit has explained the process by which courts may make credibility determinations in ruling on exhaustion. " *Dillon v. Rogers*, 596 F.3d 260, 272-73 (5th Cir. 2010). Exhaustion is a threshold issue, similar to jurisdiction, that should be resolved prior to proceeding on the merits. *Id*. Factual disputes about exhaustion may be resolved by a judge without resort to a jury, and summary judgment is an appropriate vehicle for making that determination. *Id.* at 272. The familiar standard for the entry of summary judgment comes from Fed. R. Civ. P. 56(a), which requires its entry "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate "against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party "bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

If the prisoner survives summary judgment because factual issues remain concerning exhaustion, the court may resolve the disputed facts by allowing discovery or holding an evidentiary

hearing. *Dillon*, 596 F.3d at 273. That resolution should occur before reaching the merits of any of the substantive claims. *Id*. The Court is of the opinion that additional evidence is necessary to resolve the issue of exhaustion at this time. Defendants, who have the burden of showing that they are entitled to summary judgment, have provided no factual support to counter Stewart's allegation that he never received a response to the letters and complaints he says he attempted to file with various deputies. Defendants rely on Plaintiff's admission in his Complaint that he did not complete the Administrative Remedy Program. However, that admission is countered by Plaintiff's response in the next sentence of the Complaint and by his testimony that he did lodge both written and verbal grievances with HCDF, to no avail. In the absence of evidence that the Hinds County Detention Facility's grievance procedure was actually available and responsive to inmates, other than on paper in the handbook, this Court cannot conclude that there are no genuine issues of fact relevant to whether Stewart should be excused from exhausting his administrative remedies. In light of this conclusion, the Court is further of the opinion that summary judgment should be denied at this time.

The Court finds that Defendants' Motion for Summary Judgment shall be denied, but without prejudice. Pursuant to the Fifth Circuit's directives in *Dillon,* an evidentiary hearing may be conducted by the Court to further explore the defense of exhaustion prior to further consideration of the merits of Stewart's claims. Or, Defendants may choose to waive their exhaustion defense and move forward on the merits. An evidentiary hearing will then be conducted on the merits, or Defendants may elect to refile the motion after the exhaustion issue is resolved.[1] On or before

---

[1] In reviewing the facts, the Court does note that it has concerns regarding whether or not the merits of the claims could be resolved without benefit of an evidentiary hearing. Because Plaintiff was a pretrial detainee during the majority of the time he was housed in HCDF, there

October 30, 2013, defense counsel shall notify the Court and Plaintiff, in writing, as to how they wish to proceed.

IT IS, THEREFORE, ORDERED that Defendants' Motion for Summary Judgment [29] is DENIED without prejudice; Plaintiff's request to dismiss the motion [37] is dismissed as moot. Defendants shall file the written report referenced above on or before October 30, 2013.

SO ORDERED, this the 26th day of September 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

---

may be material issues of genuine fact existing involving Plaintiff's conditions of confinement which prevent the Court from entering a judgment at law.