IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JUSTIN ANTWANNE STEWART                                              PLAINTIFF

VS.                                              CIVIL ACTION NO. 3:11CV788-LRA

MAJOR MARY RUSHING, ET AL                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

THIS CAUSE came before the undersigned Magistrate Judge on June 5, 2014, at 9:00 a.m. for an evidentiary hearing regarding Plaintiff Justin Antwanne Stewart's claims against Defendants Major Mary Rushing and Sheriff Tyrone Lewis. Plaintiff and Defendants executed a consent pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 to the jurisdiction of the Magistrate Judge.

### Evidence Presented

The issues of whether or not Plaintiff exhausted his administrative remedies prior to filing this lawsuit, and whether or not such remedies were available to him, were argued by the parties. Evidence was presented, and the Court reserved ruling on that issue.

As to his case in chief, Plaintiff called as his only witnesses inmates Troy Ellis and David Louie. Inmate Ellis testified that he was housed at the same time Plaintiff was in the Hinds County Detention Facility [HCDF] in Raymond, Mississippi from October 2011 through December 27, 2011. During that period, the inmates were fed all three meals on trays that were placed on dirty floors and passed to the inmates to eat. There were two showers, and they were in a deplorable and nasty condition. Inmates could catch rashes

from the filth. The light fixtures were out, and live wiring hung from the ceiling. One inmate received a minor jolt from the wires.

Inmate Louie testified that he was housed as a pretrial detainee at the HCDF from February 2011 through November 2012 and from April 1 through December 20, 2013. He also testified that his food was slid under the door on a tray and often had hair or trash in it. Live wires were hanging in the shower all the time, and the showers were nasty.

Plaintiff did not testify on his own behalf in his case in chief. No evidence was presented regarding the conditions under which he was housed, or regarding any injuries he suffered as a result of being housed at HCDF.

Major Rushing, now Warden Rushing, testified that she routinely checked the units as a daily practice. If she had seen that a light fixture was out, she would have done a work order and reported it to maintenance. She also testified that there were three workers in maintenance assigned to the jail, and she recalls doing many work orders regarding the showers and other maintenance work. She testified that bleach was supplied to the units two-three times per week, and she knows that the showers were sprayed with the bleach by the unit deputies. Otherwise, the unit deputies would have been given a reprimand. She has no knowledge of standing green water, or even standing water, in the showers. Had she seen such water, or known of it, she would have done a work order for maintenance to unclog the drains.

As to dirty trays, Major Rushing testified that the kitchen supervisor, Denise Patent, was "Serve Safe Certified" by the State Health Department. She was in charge of the kitchen and the service, and Major Rushing was not aware of any problems with the way the food is served at HCDF.

## Applicable Law

Pretrial detainees have a due process right not to be subjected to jail conditions that constitute punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). "Punishment" may be "the manifestation of an explicit policy or restriction." *Shepherd v. Dallas Cnty.,* 591 F.3d 445, 453 (5th Cir. 2009). It can also be manifested by a *de facto* policy if a pattern of conduct or condition is sufficiently extensive or pervasive such that intent to punish may be presumed. *Id.* at 452. Furthermore, the punishment is impermissible only if it bears no reasonable relationship to a legitimate governmental interest and if it causes a violation of a detainee's constitutional rights. *Duvall v. Dallas Cnty.,* 631 F.3d 203, 207 (5th Cir. 2011). A constitutional violation occurs when the complained of condition results in "serious deficiencies" in providing for the detainee's "basic human needs." *Shepherd*, 591 F.3d at 454.

The Court concludes that Plaintiff has failed to prove by a preponderance of the evidence that the conditions in the HCDF were so deficient as to him to constitute an intent to punish him. Further, he set forth no evidence showing a *de facto* policy at the jail wherein an intent to punish could be presumed. He also set forth no evidence whatsoever

3

showing that he personally suffered from his housing conditions or was harmed or injured in any way by those conditions.

## Conclusion

As stated, the Court finds that Plaintiff has failed to carry his burden of proof, and the case must be dismissed with prejudice. Because of this finding, the Court finds that the issue of exhaustion need not be determined. At the hearing, the Court dismissed Defendant Rushing in her individual capacity pursuant to Rule 52(c) of the Federal Rules of Civil Procedure. The case is now dismissed as to all parties.

IT IS, THEREFORE, ORDERED that Plaintiff's Complaint is dismissed with prejudice, and Final Judgment shall be entered on this date in favor of Defendants Mary Rushing and Sheriff Tyrone Lewis.

SO ORDERED, this the 30th day of June 2014.

                                                  /s/ Linda R. Anderson
                                      UNITED STATES MAGISTRATE JUDGE